**EAN VIZZI, ESQ. (SB No. 209444)**
506 Broadway
San Francisco, CA 94133
Tel:  415/986-5591
Fax:  415/421-1331

**Attorney for Claimant**
**JEFFREY HUNTER**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    vs.<br><br>APPROXIMATELY $33,967 IN UNITED STATES CURRENCY<br><br>       Defendant. | CASE NO.: 07-5428-VRW<br><br>**ANSWER OF CLAIMANT JEFFREY HUNTER TO COMPLAINT FOR FORFEITURE; REQUEST FOR TRIAL BY JURY** |

JEFFREY HUNTER,

Claimant.

---

   Claimant JEFFREY HUNTER, hereby answers the allegations in the United States' Complaint for Forfeiture as follows:

  1.  In response to the allegations contained in paragraph 1 of
      the Complaint, Claimant denies the allegations contained
      therein.
  2.  In response to the allegations contained in paragraph 2 of the
      Complaint, Claimant admits the allegations contained therein.
  3.  In response to the allegations contained in paragraph 3 of the
      Complaint, Claimant admits the allegations contained therein.
  4.  In response to the allegations contained in paragraph 4 of the
      Complaint, Claimant admits the allegations contained therein.

5. In response to the allegations contained in paragraph 5 of the Complaint, Claimant admits the allegations contained therein.
6. In response to the allegations contained in paragraph 6 of the Complaint, Claimant admits the allegations contained therein.
7. In response to the allegations contained in paragraph 7 of the Complaint, Claimant admits the allegations contained therein.
8. In response to the allegations contained in paragraph 8 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies each and every allegation contained therein.
9. In response to the allegations contained in paragraph 9 of the Complaint, Claimant denies the allegations contained therein.
10. In response to the allegations contained in paragraph 10 of the Complaint, Claimant denies the allegations contained therein.
11. In response to the allegations contained in paragraph 11 of the Complaint, Claimant denies the allegations contained therein.
12. In response to the allegations contained in paragraph 12 of the Complaint, Claimant denies the allegations contained therein.
13. In response to the allegations contained in paragraph 13 of the Complaint, Claimant denies the allegations contained therein.
14. In response to the allegations contained in paragraph 14 of the Complaint, Claimant denies the allegations contained therein.

15. In response to the allegations contained in paragraph 15 of the Complaint, Claimant denies the allegations contained therein.
16. In response to the allegations contained in paragraph 16 of the Complaint, Claimant denies the allegations contained therein.
17. In response to the allegations contained in paragraph 17 of the Complaint, Claimant denies the allegations contained therein.
18. In response to the allegations contained in paragraph 18 of the Complaint, Claimant denies the allegations contained therein.
19. In response to the allegations contained in paragraph 19 of the Complaint, Claimant denies the allegations contained therein.
20. In response to the allegations contained in paragraph 20 of the Complaint, Claimant denies the allegations contained therein.
21. In response to the allegations contained in paragraph 21 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, denies the allegations contained therein.
22. In response to the allegations contained in paragraph 22 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, Claimant denies the allegations contained therein.

23. In response to the allegations contained in paragraph 23 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, Claimant denies the allegations contained therein.
24. In response to the allegations contained in paragraph 24 of the Complaint, Claimant admits the allegations contained therein.
25. In response to the allegations contained in paragraph 25 of the Complaint, Claimant admits the allegations contained therein.
26. In response to the allegations contained in paragraph 26 of the Complaint, Claimant denies the allegations contained therein.
27. Paragraph 27 contains no allegations to admit or deny.
28. In response to the allegations contained in paragraph 28 of the Complaint, Claimant admits the allegations contained therein.
29. In response to the allegations contained in paragraph 29 of the Complaint, Claimant denies the allegations contained therein.

IN ADDITION, CLAIMANT RAISES THE FOLLOWING NUMBERED DEFENSES TO THE GOVERNMENT'S FORFEITURE COMPLAINT:

### FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint on file herein, Claimant alleges that said Complaint does not state facts sufficient to state a claim for forfeiture of defendant property against Claimant.

### SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that plaintiff lacked any probable cause for either the institution of this forfeiture suit or the forfeiture of defendant property.

### THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that the restraint of the defendant property was made in violation claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution.  Consequently, all of the evidence seized and the fruits thereof must be suppressed.

### FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that the search of the defendant property, including the residence and all structures thereon pursuant to a warrant was made in violation of claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution.  Consequently, all of the evidence seized, and the fruits thereof, must be suppressed.

### FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that pursuant to 21 U.S.C. § 881(a)(7), he has an innocent ownership interest in the defendant property such that any act or omission which would have subjected said property to forfeiture, was committed or omitted without claimant's knowledge or consent.

### SIXTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that 21 U.S.C. § 881 IS unconstitutional and unenforceable, in that it constitutes a denial of claimant's due process and equal protection rights under the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that pursuant to the Due Process Clause of the United States Constitution and plaintiff's statutory obligation to initiate this action promptly from the time of discovery of any facts giving rise to the government's claim, plaintiff is barred from bringing this forfeiture by its unnecessary delay.

### EIGHTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that this court lacks jurisdiction over the subject matter of plaintiff's complaint.

### NINTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that this court lacks jurisdiction over the defendant property.

### TENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that it would result in the taking of property without due process of law, and without just compensation, in violation of the Fifth Amendment of the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property would amount to an excessive fine in violation of the Eighth Amendment of the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that the forfeiture of claimant's interest in the subject property is in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

FOURTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that the government's forfeiture claim is void and unenforceable as violative of the United States Constitution, in that claimant was denied notice and opportunity to be heard prior to the seizure of defendant property or the initiation of this forfeiture action, in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution.

FIFTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges the arrest or other restraint of subject property was made in violation of the Fourth Amendment of the United States Constitution and the Right to Financial Privacy Act.

SIXTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that the arrest or other restraint of the subject property was made in violation of Article I, §1, and §8, clause 18 of the United States Constitution, being founded upon an unlawful delegation of legislative power.

SEVENTEENTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint, claimant alleges that said Complaint is barred by the applicable statute of limitations.

PLEASE TAKE NOTICE THAT CLAIMANT DEMANDS TRIAL BY JURY OF THE ISSUES AND DEFENSES RAISED BY HIS CLAIM AND ANSWER.
     WHEREFORE, claimant JEFFREY HUNTER prays that this Court will:
1.  Dismiss plaintiff's Complaint and enter a judgment on behalf of claimant;

2.  Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from claimant's possession, actual or constructive, be suppressed as evidence in this and any other proceeding;

3.  Order that claimant has an innocent ownership interest in the defendant property;

4.  Order that all statements made by claimant be suppressed as evidence in this or any other proceeding;

5.  Order that all of defendant property be released and surrendered to claimant forthwith;

6.  Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. §1265 and award costs and attorney's fees to claimant;

7.  Provide such other and further relief as this court deems proper and just.

Dated: January 14, 2008          Respectfully submitted,

 /s/ EAN VIZZI
EAN VIZZI
Attorney for Claimant
JEFFREY HUNTER

# CERTIFICATE OF SERVICE

The undersigned, hereby certifies that on Tuesday, January 15, 2008, he/she caused to be electronically filed the foregoing document attached herein with the Clerk of the United States District Court for the Northern District of California by using the CM/ECF system, which will automatically send a notice of electronic filing to the following:

AUSA Stephanie Hinds
Office of the United States Attorney
450 Golden Gate Avenue
Box 36055
San Francisco, CA 94102
Email: Stephanie.hinds@usdoj.gov


Executed on January 15, 2008 at San Francisco, California.


/s/ EAN VIZZI