1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  PATRICIA J. KENNEY (CSBN 130238)
   Assistant United States Attorney
5
      450 Golden Gate Avenue
6     San Francisco, CA 94102
      Telephone: 415.436.6857
7     Facsimile:  415.436.6748
      Email: patricia.kenney@usdoj.gov
8
   Attorneys for United States of America
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                       SAN FRANCISCO DIVISION

13 UNITED STATES OF AMERICA           )    No. C 07-5428 VRW
                                      )
14              Plaintiff,            )    **JOINT CASE
                                      )    MANAGEMENT STATEMENT**
15        v.                          )
                                      )
16 APPROXIMATELY $33,967 IN UNITED    )    Date:   February 14, 2008
   STATES CURRENCY,                   )    Time:   3:30 p.m..
17                                    )    Place:  Courtroom 6, 17th Floor
                Defendant.            )
18                                    )
                                      )
19 JEFFREY HUNTER,                    )
                                      )
20              Claimant.             )
                                      )
21

22        Plaintiff United States of America and claimant Jeffrey Hunter respectfully submit this

23 Joint Case Management Statement.

24        **1.     Jurisdiction and Service**

25        This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 881(a)(6).

26 Plaintiff contends that it has served notice of this action on all persons who may have an interest in the

27 property, including the following: Jeffrey Hunter and Ean Vizzi, Esq. On January 15, 2008, Jeffrey

28 Hunter filed a claim and answer with a demand for a jury trial.

### 2. Facts

This is a forfeiture action. The defendant $33,967 was seized from claimant Hunter at the San Francisco Airport on May 23, 2007. The government contends that there is sufficient evidence to believe that the defendant currency is subject to forfeiture, pursuant 21 U.S.C. § 881(a)(6), as money furnished or intended to be furnished in exchange for a controlled substance, traceable to such an exchange or used or intended to be used to facilitate a violation of Subchapter 1, Chapter 13 of title 21 United States Code. Claimant Hunter disputes that the currency is subject to seizure and forfeiture and has asserted 17 affirmative defenses.

### 3. Factual and Legal Issues

The principal factual and legal issues in dispute are: (1) whether plaintiff can establish by a preponderance of the evidence that the defendant currency is forfeitable under 21 U.S.C. § 881(a)(6); and (2) whether claimant Hunter can establish by a preponderance of the evidence affirmative defenses to bar forfeiture of defendant currency; and (3) whether the detention, search and seizure of claimant's person and property were reasonable and lawful pursuant to the Fourth Amendment and its progeny.

### 4. Motions

The parties may move for summary judgment at the close of discovery.

### 5. Amendment of Pleadings

At this time, the parties do not anticipate amending the pleadings.

### 6. Evidence Preservation

The United States is preserving the case file connected with the seizure in this action. Claimant Hunter will preserve any and all evidence in connection with this seizure.

### 7. Disclosures

The initial disclosure requirements of Rule 26, Federal Rules of Civil Procedure, do not apply to forfeiture actions. Rule 26(a)(1)(E), Federal Rules of Civil Procedure.

### 8. Discovery

The United States plans to promulgate a short set each of requests for admissions, interrogatories and documents, and will propound discovery as needed for follow-up. Thereafter, the United States plans to depose claimant, and Lamar Williams who was on the same flight as claimant Hunter. The

discovery will focus on, *inter alia*, documents and testimony relevant to Hunter's sources of income, his alleged business, and his narcotics activities. The United States may depose other witnesses identified during discovery, and obtain the factual basis for claimant's 17 defenses.

9. **Class Actions – inapplicable**

10. **Related Cases**

None known.

11. **Relief**

The United States seeks a judgment forfeiting of defendant currency. Claimant seeks a judgment for the return of the defendant currency.

12. **Settlement and ADR**

At this juncture, it is premature to predict the likelihood of settlement and ADR would be of more use at a later stage after initial discovery responses have been obtained.

13. **Consent to a Magistrate Judge**

The parties are not willing to consent.

14. **Other References – inapplicable**

15. **Narrowing of Issues**

At this juncture, it is premature to narrow the issues which the parties anticipate will be narrowed through the discovery process.

16. **Expedited Schedule – inapplicable**

17. **Scheduling**

The parties suggest another case management conference would be appropriate in four to six months rather than scheduling discovery, pretrial and trial.

If the Court prefers scheduling the case at this time, the parties propose the following:

The parties propose the following schedule:
Fact Discovery Cut-Off and Designation of Experts
(Including the production of expert reports as required
in the civil rules)                                              August 29, 2008

Counter Designation of Experts                                   September 19, 2008

Filing of Dispositive Motions                                    September 25, 2008

| | | |
|---|---|---|
| 1 | Hearing on Dispositive Motions | October 30, 2008 |
| 2 | Pretrial | January 2009 |
| 3 | Trial | February 2009 |

**18.   Trial**

Claimant requested a jury trial.

**19.   Disclosure of Non-party Interested Entities or Persons**

The United States is not required to make disclosures under Civil Local Rule 3-16. Claimant will file a certification.

**20.   Other Matters – Inapplicable**

IT IS SO STIPULATED:

DATED: ~~January~~ February 5, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

*/s/ Patricia J. Kenney*
PATRICIA J. KENNEY
Assistant United States Attorney

DATED: ~~January~~ February 5, 2008

*/s/*
EAN VIZZI, ESQ.
Attorney for Claimant Jeffrey Hunter

IT IS SO ORDERED PURSUANT TO THE PARTIES' FOREGOING STIPULATION.

_____
HONORABLE VAUGHN R. WALKER
Chief Judge, United States District Court